## Harrisburg Coca-Cola v. Commonwealth

*Clyde W. McIntyre,* for plaintiff.
*Lawrence R. Wieder,* for defendant.

SHUGHART, *P.J.*, March 24, 1982 — This case arises under the Eminent Domain Code of June 22, 1964, P.L. 84, 26 P.S. §1-101 et seq. It involves the recurrent flooding of property owned by the Harrisburg Coca-Cola Bottling Company, which flooding the parties agree is as the result of road construction done by the Commonwealth near the Coca-Cola property. Coca-Cola filed its petition for the appointment of viewers on May 23, 1977. Although the Commonwealth initially resisted Coca-Cola's claim of taking, a settlement has now been reached which includes payment to Coca-Cola of reasonable engineering costs. Unfortunately, an agreement on what constitutes reasonable engineering costs could not be similarly reached. This issue has been presented to us for resolution.

On March 12, 1982, during a non-jury trial, we heard the testimony of E. H. Bourquard Associates, Inc., a water resources engineering firm, which conducted various studies for Coca-Cola regarding

the flooding problem. We also heard from William Calhoun, a registered civil engineer, who testified on behalf of the Commonwealth. After careful consideration of the testimony, we find the following to be the facts of the case.

E. H. Bourquard is a qualified hydrologic engineer, employed by E. H. Bourquard Associates, Inc. His firm performed studies and prepared reports regarding flooding at the Coca-Cola plant. The total cost of the firm's services through August 6, 1981, as submitted by it to Coca-Cola, is $59,501.05. This figure includes $38,204.38 for services performed prior to Coca-Cola's filing for the appointment of viewers and $5,197.23 for services performed in reviewing the Commonwealth's offers to correct the flooding problem during settlement negotiations.[1] The Bourquard firm's services spanned a five year period of time from April 1976 to August 1981.

Bourquard testifed that the services performed by his firm were necessary to make an accurate assessment of the flooding problem and to determine an appropriate remedy. He also testified that the bills submitted for these services are fair and reasonable. We find his testimony to be credible.

William Calhoun, a qualified civil engineer, testified that he could have performed the necessary studies for approximately $15,000. This is an estimate, however, without the benefit of actual on site performance, and must be considered as such. Before undertaking the work, the Bourquard firm estimated the cost would be $19,000.[2] According to Bourquard's testimony, the initial estimate was exceeded because of various unusual things which

1. See Exhibit P-9.
2. See Exhibit P-2.

surfaced during the actual performance of the studies.[3] We find Bourguard's testimony to be credible in this connection.

On the basis of these findings, we must determine whether all or only part of the $59,501.05 engineering costs should be awarded.

The Commonwealth initially argues that Coca-Cola had more studies performed than was necessary and, therefore, it insists $59,000 for engineering services is excessive. As evidence of Coca-Cola's extravagance, the Commonwealth offered the testimony of its expert who said he could have performed the necessary engineering studies for $15,000. As was stated in our findings of fact, the Commonwealth's expert did not actually perform any on site studies. In the absence of actual on site performance, his estimate is not out of line with the Bourquard firm's initial estimate of $19,000. We found credible Bourquard's testimony that his firm's cost went up because of unusual things which developed during the studies and, therefore, we conclude that the fees charged by the Bourquard firm are not excessive or unreasonable. This is not to say, however, that they should be allowed in their entirety.

The Commonwealth argues that the $38,204.38 incurred prior to the filing of the petition for the appointment of viewers is not an allowable engineering expense. It cites Emeny v. United States, 526 F. 2d 1121 (Ct. Cl. 1975), for this proposition. Indeed, the Emeny case held in construing 42 U.S.C. §4654(c) that prelitigation engineering expenses are not recoverable under the Uniform Relocation Assistance and Real Property Acquisition

---

3. Several of these unusual items are detailed in exhibit P-8.

Policies Act of 1970. We are not bound by this decision which construes a Federal statute. The Commonwealth argues that the decision is persuasive because the statute construed is similar to ours.[4] We do not agree.

In Emeny, the court concluded that prelitigation expenses were not allowable because the Federal statute reads that the expenses must be incurred "because of such proceeding [for the taking of property]." The court's reliance on this language in reaching its decision is evidenced by the following statement in its opinion: "The plaintiffs' expenses in connection with this controversy during the time when the plaintiffs were endeavoring to ascertain the nature and extent of their property right . . . were not incurred by the plaintiffs *'because of' the proceeding* which they subsequently instituted in this court. . . ." Id. at 1124 (emphasis supplied.) As we read the decision, but for this "because of such proceeding" language found in the Federal statute, the court would probably have allowed the prelitigation expenses.

Although the Federal statute is somewhat similar to section 609 of the Eminent Domain Code — the relevant section of our statute — the two are certainly not identical. Section 609 provides:

---

4. U.S.C. §4654(c) provides:

(c) The court rendering a judgment for the plaintiff in a proceeding brought under section 1346(a)(2) or 1491 of Title 28, awarding compensation for the taking of property by a Federal agency, or the Attorney General effecting a settlement of any such proceeding, shall determine and award or allow to such plaintiff, as a part of such judgment or settlement, such sum as will in the opinion of the court or the Attorney General reimburse such plaintiff for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding.

Where proceedings are instituted by a condemnee under section 502(e), a judgment awarding compensation to the condemnee for the taking of property shall include reimbursement of reasonable appraisal, attorney and engineering fees and other costs actually incurred.

Notably absent in our statute is the "because of such proceeding" language which was vital to the Emeny court's decision. In light of this major distinction, we do not find the Emeny decision persuasive.

We have not been cited to any other authorities on this particular point and we have not unearthed any such authorities through our own research. Our interpretation of Section 609 is that it requires the payment of the $38,204.38 here in question. These expenditures were made in contemplation of litigation, and were necessitated by the Commonwealth's initial rejection of Coca-Cola's claim. It is obvious to us that the expenses would have been the same had they been incurred subsequent to the petition for the appointment of viewers. Hence we conclude the prelitigation engineering expenses are allowable.

Finally, the Commonwealth maintains that the $5,197.23 engineering expenses incurred during settlement negotiations should not be allowed under Section 609 of the Eminent Domain Code. We agree. This expense, although actually incurred by Coca-Cola, was an expense which it undertook to protect itself during settlement negotiations. The engineering services performed to review the Commonwealth's offers were not necessary for Coca-Cola to prove a taking by the Commonwealth or to otherwise prevail on the merits. Indeed its engineers had done enough to convince the Com-

monwealth that its road construction was causing the flooding and that is why the offers were being made. Since these expenses are personal to Coca-Cola, we do not believe they are appropriately paid for by the Commonwealth.

Consequently, the engineering expenses requested will be reduced to $54,303.82 and an award in the amount will be entered in favor of Harrisburg Coca-Cola Bottling Company.

## ORDER

And now, March 24, 1982, for the reasons appearing in the opinion filed this date, we find in favor of plaintiff, Harrisburg Coca-Cola Bottling Company, Inc., and against the Commonwealth of Pennsylvania in the amount of $54,303.82.